**In re NOVASTAR HOME MORTGAGE INC. MORTGAGE LENDING PRACTICES LITIGATION**

**Kevin Kravets v. Novastar Home Mortgage, Inc., et al., S.D. California, C.A. No. 3:04-2092,**

**Harry Pitts, et al. v. Novastar Financial, Inc., et al., S.D. Georgia, C.A. No. 4:04-157.**

**No. MDL 1677.**

Judicial Panel on Multidistrict Litigation.

April 26, 2005.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, Jr., KATHRYN H. VRATIL and DAVID R. HANSEN, Judges of the Panel.

## TRANSFER ORDER

WM. TERRELL HODGES, Judge.

This litigation presently consists of two actions: one action each in the Southern District of California and the Southern District of Georgia. Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, by the California plaintiff to centralize these actions in the Southern District of California for coordinated or consolidated pretrial proceedings. The NovaStar defendants[1] and the Georgia plaintiffs oppose the motion or, alternatively, ask the Panel to

1. NovaStar Financial, Inc., and NovaStar Home Mortgage, Inc. (collectively referred to as NovaStar).

defer its Section 1407 ruling pending a ruling by the California court on a Section 1404 motion to transfer the California action to the Southern District of Georgia. If the Panel deems centralization appropriate, these parties suggest the Southern District of Georgia as transferee forum.

■ On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization in the Southern District of Georgia will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions share factual questions arising out of allegations that payment and/or non-disclosure of mortgage settlement/referral fees by NovaStar to its unlicensed limited liability corporations violated the Real Estate Settlement Procedures Act. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to questions of class certification), and conserve the resources of the parties, their counsel and the judiciary.

■ The Panel is persuaded that the Southern District of Georgia is an appropriate transferee district for this litigation. We note that i) the first-filed Georgia action is proceeding well, and ii) the Georgia district has the capacity to handle this litigation.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action pending in the Southern District of California is transferred to the Southern District of Georgia and, with the consent of that court, assigned to the Honorable William T. Moore, Jr., for coordinated or consolidated pretrial proceedings with the action pending there.